

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Schultz
County Attorney, Dallam County
Dalhart, Texas

Dear Sir:

Opinion No. O-1555
Re: May the Commissioners' Court, in
passing upon and approving the
sheriff's annual fee report, con-
sider and allow the item of expense
designated as "one automobile ex-
change" as expense of depreciation
of his privately owned automobile,
used in the conduct of his office,
under Article 3899, Revised Civil
Statutes.

This will acknowledge receipt of your opinion request
bearing date of October 6, 1939, wherein you propound the following
question:

"May the Commissioners' Court in passing upon and
approving the Sheriff's annual fee report, consider and
allow the item of expense designated as "One Automobile
Exchange" as expense of depreciation of his privately
owned automobiles used in the conduct of his office under
Article 3899, Revised Civil Statutes?"

We are enclosing herewith Opinion No. O-1156, originally
addressed to Honorable King Fike, County Attorney, Hartley County,
Dalhart, Texas, which we believe will answer the inquiry made in
your letter. It is the opinion of this Department, and you may be
so advised, that the Sheriff would not be entitled to any allowance
or depreciation of his automobile, unless he had first complied with
the strict working of the statute as to the making and sworn appli-
cation to the Commissioners' Court, stating the necessity therefor,
with a subsequent act on the part of the Commissioners' Court
acknowledging the necessity for such expenditure to be made.

Inasmuch as the statute makes no provision for "one automobile exchange", we do not feel as though the law contemplates same as an approved expenditure. This office does not have sufficient facts before it to ascertain whether or not the item "one automobile exchange" is a depreciation item or not. We cannot say that the difference in price between the old automobile owned by the Sheriff and the new automobile traded for is the actual depreciation of the Sheriff's automobile caused by the use of said automobile by the Sheriff in the discharge of his official duties. The amount of depreciation to be allowed as a "necessary expense" is a figure which must necessarily be passed upon by the Commissioners' Court of your County.

If in lieu of the item "one automobile exchange" an item for depreciation upon a personally owned automobile should be submitted by the Sheriff upon his "necessary expense" account, showing depreciation of a personally owned automobile by such Sheriff in the discharge of his official duties, and strict compliance with the provisions of Article 3899 of the Revised Civil Statutes of Texas, as amended, is otherwise had, then and in that event such an allowance for depreciation could be properly made.

However, in arriving at a decision as to whether such expenditures should be allowed, under Article 3891 of the Revised Civil Statutes of Texas, as amended, we find that a fee officer is no allowed to deduct any amount of money as expenses of office until after he shall have earned the maximum amount of money allowed him by statute, as such fee officer. Then and in that event, he shall be allowed in accordance with the provisions of Article 3899, above referred to, to deduct from earned fees, over and above the maximum amount allowed him by statutes, the approved expenses herein inquired about.

Trusting that the above satisfactorily answers your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS


By          Edgar Cale
            Assistant

EC:N

Approved Nov. 10, 1939
     Gerald C. Mann
     ATTORNEY GENERAL OF TEXAS